# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MAURICE D. WHITING,

      Petitioner,                        Civil No. 02-CV-74359-DT
                                                  HONORABLE ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

v.

SHERRY BURT,

      Respondent,

_____/

## OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [1]

      This matter is before the Court on remand from the Sixth Circuit.  In his application, petitioner challenges his conviction on one count of first-degree felony murder, M.C.L.A. 750.316.  Petitioner's application for writ of habeas corpus is again **CONDITIONALLY GRANTED,** because of the eleven and a half hours that petitioner was in police custody shackled to a chair; the prolonged police interrogation; the fact that petitioner was held *incommunicado* during this time; the fact that petitioner went without sleep for thirty hours, was deprived of food and water while in police custody, and was under the influence of alcohol; before the police obtained his voluntary confession.

---

[1] Staff Attorney Daniel H. Besser provided quality research assistance.

*Whiting v. Burt,* 02-74359-DT

## I. Background

Petitioner was convicted of first-degree felony murder and several other offenses following a jury trial in Detroit Recorder's Court.  The testimony at trial established that Richard Wordlaw was killed during an armed robbery in Detroit, Michigan on March 20, 1995.  Petitioner denied any involvement in the crime.

## II. Procedural history.

Petitioner's first-degree murder conviction was affirmed on direct appeal, although his armed robbery conviction was vacated on double jeopardy grounds. *People v. Whiting,* 192192 (Mich.Ct.App. April 15, 1997); *lv. den.* 456 Mich. 943; 575 N.W. 2d 560 (1998).  Petitioner's post-conviction motion for relief from judgment was also denied. *People v. Whiting,* 95-04355 (Wayne County Circuit Court, January 5, 2001).  The Michigan appellate courts denied petitioner's application for leave to appeal the denial of his post-conviction motion pursuant to M.C.R. 6.508(D). *People v. Whiting,* 238722 (Mich.Ct.App. February 14, 2002); *lv. den.* 467 Mich. 883; 672 N.W. 2d 459 (2002).

Petitioner then filed an application for habeas relief on the following grounds:

I.  Petitioner's statement to police was involuntary and inadmissible.

II.  Petitioner was denied a fair trial by testimony and argument that a prosecution witness had an agreement with the prosecutor to testify "truthfully".

2

*Whiting v. Burt,* 02-74359-DT

III.  Petitioner was denied the effective assistance of [trial] counsel by failure to investigate, prepare and advance a diminished capacity/criminal responsibility defense, and by failure to request a cautionary instruction regarding testimony by an alleged accomplice.

IV.  Petitioner was denied a fair trial where the trial judge reinstructed the jury with incomplete instructions that prejudiced his defense.

V.  Petitioner was prejudiced by ineffective assistance of appellate counsel.

This Court granted petitioner habeas relief, finding that petitioner was deprived of the effective assistance of appellate counsel, because his appellate counsel was laboring under a conflict of interest due to the fact that counsel had also represented petitioner at trial. *Whiting v. Burt,* 266 F. Supp. 2d 640 (E.D. Mich. 2003).  The Sixth Circuit reversed the grant of habeas corpus, ruling that this Court should not have applied the presumed prejudice standard in *Cuyler v. Sullivan,* 446 U.S. 335 (1980), but should have instead determined whether petitioner suffered actual prejudice as a result of this alleged conflict of interest. The Sixth Circuit also remanded for the Court to review petitioner's trial level claims. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).  In particular, the Sixth Circuit indicated that on remand, this Court should consider the merits of petitioner's involuntary confession claim "as its first priority." *Id.* at 620.  This Court was also ordered to determine whether petitioner's second, third, and fourth claims were procedurally defaulted. *Id.*

3

*Whiting v. Burt,* 02-74359-DT

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

4

*Whiting v. Burt,* 02-74359-DT

## IV.  Discussion

### A.  Petitioner's statement to the police was involuntary.

Petitioner's statement to the police following his arrest was involuntarily made due to the eleven and a half hours that petitioner was in police custody shackled to a chair; the prolonged police interrogation; the fact that petitioner was held *incommunicado* during this time; the fact that petitioner went without sleep for thirty hours, was deprived of food and water for the eleven and a half hours that he was in custody, and was under the influence of alcohol; before the police obtained his voluntary confession.

An evidentiary hearing was conducted on the voluntariness of petitioner's confession in the state trial court.  Investigator William Brantley testified that petitioner was taken into police custody at 12:20 a.m., just past midnight, on March 21, 1995.  Sergeant Garrison testified that he advised petitioner of his *Miranda* warnings at 9:55 a.m. on March 21st.  Petitioner began making a statement to the police at approximately 11:35 a.m.

Petitioner testified that he was arrested in the early morning hours and had been awake for nineteen hours at the time.  Petitioner was taken to a small room in the Homicide Section and was handcuffed to a chair at all times. Petitioner testified that different teams of detectives questioned him throughout the night.  When asked, Sergeant Myles acknowledged that he did not know

5

*Whiting v. Burt,* 02-74359-DT

whether any officers besides himself and Sergeant Garrison spoke with petitioner that night. Petitioner testified that he was never allowed to make a telephone call, despite making several requests to do so.  Petitioner did not sleep at all that night and was never given any food or water, prior to making his statement.  Sergeant Garrison did not know whether petitioner had gotten any sleep that night.  Although Sergeant Garrison testified that he gave petitioner something to eat or drink, he did not remember if that was before or after petitioner had made his incriminating statement.  Petitioner testified that he was drunk while in police custody and indicated that several police officers asked him about his intoxicated state.  The prosecutor did not call any witnesses to testify to petitioner's treatment by the police prior to the interrogation by Sergeant Garrison at 9:55 a.m.  No witnesses denied that petitioner was handcuffed to a chair for eleven hours.

The Michigan Court of Appeals rejected petitioner's claim, noting that although petitioner was detained for some five to six hours prior to making his statement, petitioner exhibited no signs of intoxication or exhaustion prior to or during the interview.  The Michigan Court of Appeals further found that petitioner had declined the interrogating officer's offers of food, drink, or use of the restroom. *People v. Whiting,* Slip. Op. at * 2.

The Fifth Amendment prohibits the prosecution's use of a criminal

6

*Whiting v. Burt,* 02-74359-DT

defendant's compelled testimony. *Oregon v. Elstad*, 470 U.S. 298, 306-07

(1985).  The Due Process Clause of the Fourteenth Amendment likewise

prohibits the admission at trial of coerced confessions obtained by means "so

offensive to a civilized system of justice that they must be condemned." *Miller v.*

*Fenton*, 474 U.S. 104, 109 (1985).  An admission is deemed to be coerced when

the conduct of law enforcement officials is such as to overbear the accused's will

to resist. *Ledbetter v. Edwards,* 35 F. 3d 1062, 1067 (6th Cir. 1994)(citing

*Beckwith v. United States*, 425 U.S. 341, 347-48 (1976).

An involuntary confession may result from psychological, no less than

physical, coercion or pressure by the police. *Arizona v. Fulminante*, 499 U.S.

279, 285-89 (1991); *Miranda v. Arizona*, 384 U.S. 436, 448 (1966).

A federal court must look at the totality of the circumstances to determine

whether a defendant's confession is voluntary. *Ledbetter,* 35 F. 3d at 1067; *See*

*also United States v. Thornton,* 177 F. Supp. 2d 625, 627 (E.D. Mich. 2001).

> "[F]actors to consider in assessing the totality of the circumstances
> include the age, education, and intelligence of the accused; whether
> the accused has been informed of his constitutional rights; the length
> of the questioning; the repeated and prolonged nature of the
> questioning; and the use of physical punishment, such as the
> deprivation of food or sleep." *Ledbetter,* 35 F. 3d at 1067 (citing
> *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

The Supreme Court has also stated: "a heavy burden rests on the

government to demonstrate that the defendant knowingly and intelligently

7

*Whiting v. Burt,* 02-74359-DT

waived his [rights]...Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during *incommunicado* interrogation, the burden is rightly on its shoulders." *Miranda*, 384 U.S. at 475.  When a confession challenged as involuntary is sought to be used against a criminal defendant at his or her trial, he or she "is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered." *Lego v. Twomey,* 404 U.S. 477, 489 (1972).

In the present case, the state courts' determination that petitioner's confession was voluntary was an unreasonable application of clearly established federal law, as well as an unreasonable determination of the facts, entitling petitioner to habeas relief.  "A state court factual determination is unreasonable if it is so clearly incorrect that it would not be debatable among reasonable jurists." *Jeffries v. Wood*, 114 F. 3d 1484, 1500 (9th Cir. 1997)(internal quotation omitted).

The state courts in this case were "objectively unreasonable" in their factual finding that petitioner's confession was voluntarily made, where the state trial court and state appellate court did not mention, let alone give due consideration to highly probative testimony which established that the confession was involuntarily made. *See Taylor v. Maddox,* 366 F. 3d 992, 1001-05 (9th Cir. 2004).

8

*Whiting v. Burt,* 02-74359-DT

The Michigan Court of Appeals incorrectly indicated that petitioner had only been in custody for five or six hours prior to making the confession, when in fact, he had been in custody for over eleven hours.  The Michigan Court of Appeals also unreasonably found that petitioner had declined offers of food or drink from the police.

Because the state failed to produce testimony of the police officers whom petitioner claimed mistreated him, petitioner's confession has not been satisfactorily shown to have been voluntary. *See Sims v. Georgia,* 389 U.S. 404, 406 (1967).  This Court:

> "[c]annot but attribute significance to the failure of the State, after listening to the petitioner's direct and explicit testimony [involving his confession], to attempt to contradict that crucial evidence; this testimonial void is the more meaningful in light of the availability and willing co-operation of the policemen who, if honestly able to do so, could have readily denied the defendant's claims."

*Haynes v. State of Wash.,* 373 U.S. 503, 510 (1963).

The state courts therefore ignored or overlooked numerous facts which establish that petitioner's confession was involuntary.  First, petitioner testified that he was interrogated by a number of different detectives throughout the night. There was no evidence produced to rebut petitioner's claim.  Such prolonged questioning by police, particularly in the middle of the night, calls into question the voluntariness of petitioner's confession the following morning. *Ashcraft v. State of Tenn.,* 322 U.S. 143, 153-54 (1944).  The "fact of lengthy

9

*Whiting v. Burt,* 02-74359-DT

interrogation or *incommunicado* incarceration" before a statement is made "is strong evidence that the accused did not validly waive rights." *Miranda,* 384 U.S. at 477.

Second, petitioner was never allowed to make a telephone call to his family or to an attorney, even though he made several requests to do so.  A defendant's confession has been held to be involuntary when he has been held *incommunicado* without the right to have access to legal counsel or family by being permitted to use the telephone. *See Malloy v. Hogan,* 378 U.S. 1, 7 (1964); *Haynes,* 373 U.S. at 514 (noting that "the secret and *incommunicado* detention and interrogation".. "are devices adapted and used to extort confessions from suspects").

Third, petitioner went without sleep for thirty hours prior to making his confession and was deprived of any food or water during the eleven hours that he was in police custody.  The deprivation of sleep, food, or water can render a confession involuntary. *See Greenwald v. Wisconsin,* 390 U.S. 519, 520-21 (1968); *Clewis v. State of Tex.,* 386 U.S. 707, 712 (1967); *United States v. Hull,* 441 F. 2d 308, 313 (7th Cir. 1971).

Fourth, petitioner testified that he was drunk when he was brought into police custody and that several officers asked him about being intoxicated. "[W]hen a suspect suffers from some mental incapacity, such as intoxication or

10

*Whiting v. Burt,* 02-74359-DT

retardation, and the incapacity is known to interrogating officers, a lesser quantum of coercion is necessary to call a confession into question." *See Hill v. Anderson,* 300 F. 3d 679, 682 (6th Cir. 2002).

Fifth, the fact that petitioner remained handcuffed throughout the entire night at the police station raises "considerable doubt" about the voluntariness of petitioner's confession the following morning. *See e.g. United States v. Robinson,* 932 F. Supp. 1271, 1280 (D. New Mexico 1996).

Both the Michigan courts and respondent point to the fact that petitioner was advised of his *Miranda* rights prior to making his statement.  The inquiry into the voluntariness of a statement, under the Due Process Clause, is separate from whether *Miranda'*s requirements regarding the Fifth Amendment privilege against self-incrimination are satisfied. *Thornton,* 177 F. Supp. 2d at 627 (citing *Dickerson v. United States,* 530 U.S. 428, 444 (2000)).  In light of the numerous factors which establish that petitioner's confession was involuntary, the fact that police have warned him of his right to remain silent prior to his confession is of "little significance" on the issue of the voluntariness of petitioner's confession. *Sims,* 389 U.S. at 407.

In *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995), the Supreme Court held that when a federal court judge in a habeas proceeding is in "grave doubt" about whether a trial error of federal constitutional law had a substantial and injurious

11

*Whiting v. Burt,* 02-74359-DT

effect or influence in determining the jury's verdict, the error is not harmless.

The focus in such a situation is not merely whether there is enough evidence to

support the result, apart from the phase affected by the error.  It is, rather, even

so, whether the error itself has substantial influence.  If so, or a judge is left in

grave doubt, the conviction cannot stand. *Id.* at 438.  Only if a federal habeas

court can say with certainty that a trial error had little or no impact on the

judgment, should the judgment stand. *See Barker v. Yukins*, 199 F. 3d 867, 874

(6th Cir. 1999).

In the present case, the evidence against petitioner was not

overwhelming.  Although Randy Moore testified that he saw petitioner shoot the

victim, Moore was an accomplice to the crime.  In addition, in his first statement

to the police, Moore did not tell the police that he saw the actual shooting.

James Wright was also an accomplice to the crime and testified against

petitioner in exchange for a reduction of the charges against him.  In spite of this

plea agreement, Wright did not actually testify to witnessing the actual shooting.

No other witnesses observed petitioner actually participate in the robbery, nor

was there any physical evidence linking him to the crime.  Finally, petitioner

denied participating in the robbery and murder at trial.  In light of the lack of

evidence in this case, this Court concludes that the admission of petitioner's

involuntary confession against him had a substantial and injurious influence on

12

*Whiting v. Burt,* 02-74359-DT

him, such that he is entitled to habeas relief. *See McCalvin v. Yukins,* 351 F. Supp. 2d 665, 673 (E.D. Mich. 2005).

Petitioner is therefore entitled to a new trial in the state courts without his involuntary confession being used against him in evidence. *Jackson v. Denno,* 378 U.S. 368, 394 (1964); *Taylor,* 366 F. 3d at 1018.

Because the Court is granting petitioner a writ of habeas corpus on his first claim, the Court will only briefly address petitioner's remaining claims. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 656 (E.D. Mich. 2005).

### B.  Issues II, III, & IV.  The procedural default issue.

Respondent contends that petitioner's remaining claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise these issues in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3).

In this case, petitioner claims that his appellate counsel was ineffective for failing to raise his claims in his appeal of right.  Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  If petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000).  Given

13

*Whiting v. Burt,* 02-74359-DT

that the cause and prejudice inquiry for the procedural default issue merges with

an analysis of the merits of petitioner's defaulted claims, it would be easier to

consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d

825, 836 (E.D. Mich. 2004).

## C.  The prosecutorial misconduct claim.

Petitioner claims that the prosecutor improperly vouched for one of the

prosecution witnesses by eliciting testimony and arguing that the witness had

entered into a plea agreement to testify truthfully.

The test for improper vouching for a witness is whether the jury could

reasonably believe that the prosecutor was indicating a personal belief in the

witness' credibility. *United States v. Causey*, 834 F. 2d 1277, 1283 (6th Cir.

1987).  In this case, the prosecutor's questions and comments did not amount to

improper vouching, because they merely encompassed the terms of Wright's

plea agreement with the state. *See United States v. Trujillo,* 376 F. 3d 593, 608-

09 (6th Cir. 2004).  Petitioner is not entitled to habeas relief on his second claim.

## D.  Ineffective assistance of trial counsel.

Petitioner next contends that he was deprived of the effective assistance

of trial counsel.

To show that he was denied the effective assistance of counsel under

federal constitutional standards, a defendant must satisfy a two prong test.  First,

14

*Whiting v. Burt,* 02-74359-DT

the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  Second, the defendant must show that such performance prejudiced his defense. *Id*.

### 1. Failure to raise an intoxication defense.

Petitioner first contends that trial counsel was ineffective for failing to raise an intoxication defense at his trial.  In this case, an intoxication defense presumably would have required petitioner to admit to being involved in the robbery and killing, an admission that likely would have been detrimental to his defense. *See Byrd v. Collins,* 209 F. 3d 486, 525 (6th Cir. 2000).  Trial counsel was therefore not ineffective for failing to raise an intoxication defense that would have been inconsistent with petitioner's factual innocence defense. *See Nelson v. Nagle*, 995 F. 2d 1549, 1554 (11th Cir. 1993).

### 2. Failure to ask for cautionary instruction.

Petitioner also claims that trial counsel was ineffective for failing to ask for a cautionary instruction regarding accomplice testimony.  However, as petitioner's trial counsel testified at the evidentiary hearing before this Court, he

15

*Whiting v. Burt,* 02-74359-DT

decided not to ask for such an instruction, in light of the fact that Wright's trial

testimony was somewhat favorable to petitioner.  In light of the fact that Wright

failed to identify petitioner as the shooter at trial, any cautionary instruction

regarding accomplice testimony would likely have been counterproductive.

Thus, petitioner's counsel was not ineffective for failing to request such an

instruction.  Petitioner is therefore not entitled to habeas relief on his third claim.

### E.  The jury instruction claim.

In his fourth claim, petitioner contends that he was deprived of a fair trial

when the trial court failed to re-instruct the jury on reasonable doubt,

presumption of innocence, aiding and abetting, or on lesser included offenses

when the jury asked to be re-instructed on the offenses of felony-murder and

premeditated murder.

Where a jury, desiring additional instructions, makes explicit its difficulties,

a trial judge should clear them away with concrete accuracy. *Bollenbach v.

United States*, 326 U.S. 607, 612-13 (1946).  However, a trial court is also

entitled to exercise its sound discretion in deciding how best to respond to

inquiries made by a jury during its deliberations. *See United States v. Brown*,

276 F. 3d 211, 216 (6th Cir. 2002).  No error need be found where a

supplemental charge is responsive to the jury's specific request for clarification.

*Alvarez v. Scully*, 833 F. Supp. 1000, 1007 (S.D.N.Y. 1993).  Even where error is

16

*Whiting v. Burt,* 02-74359-DT

found, reversal is not automatically warranted because the error must be assessed in the context of both the original and supplemental instructions as a whole. *Id.*

In the present case, the trial court's supplemental instructions were responsive to the jury's inquiries.  Therefore, petitioner is not entitled to habeas relief on this claim, particularly in light of the trial court's original instructions to the jury regarding the burden of proof, presumption of innocence, aiding and abetting, and lesser included offenses.

### F.  The ineffective assistance of appellate counsel claim.

Petitioner lastly contends that he was deprived of the effective assistance of appellate counsel.  Because this Court is ordering a new trial on petitioner's involuntary confession claim, the Court considers it unncessary to address petitioner's ineffective assistance of appellate counsel claim. *See e.g. Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562, 569 (E.D. Mich. 2005).

17

*Whiting v. Burt,* 02-74359-DT

## V.  <u>ORDER</u>

It is hereby ordered that petitioner's application for writ of habeas corpus is conditionally granted.  Unless the State of Michigan takes action to afford petitioner a new trial without the use of petitioner's illegally obtained confession within ninety days of the date of this opinion, he may apply for a writ ordering respondent to release him from custody forthwith.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  February 16, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

18